**Affirmed and Plurality, Concurring, and Dissenting Opinions filed April 2, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00493-CR

---

**PAUL CRAIG SCOTT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 2095430**

---

## DISSENTING OPINION

The plurality concludes that appellant's arrest was valid because he could have been arrested for various traffic violations. I respectfully disagree with the plurality's view that arresting an individual for traffic violations can morph into a two-hour long detention in central intox and ultimately end with standard field sobriety testing and an arrest for driving while intoxicated. The officer had two options under Texas Transportation Code sections 543.002 and 543.003 if he had

arrested appellant for traffic violations; he did neither.[1] The concurrence concludes that even if the arrest could not be justified by the traffic violations, there was nonetheless probable cause to arrest appellant for driving while intoxicated before he was transported to central intox. Because I would find that the officer in this case had arrested appellant before transporting him to central intox and that the officer did so without probable cause, I respectfully dissent.

Probable cause to arrest exists when the facts and circumstances within an officer's personal knowledge and of which he has reasonably trustworthy information are sufficient to warrant a prudent person in the belief that, more likely than not, a particular suspect has committed an offense. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009) (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). A finding of probable cause requires "more than bare suspicion" but "less than . . . would justify . . . conviction." *Id.* (*citing Brinegar v. United States*, 338 U.S. 160, 175 (1949)). To establish that Officer O'Brien had probable cause to arrest appellant for DWI, the State had to show that appellant lacked the normal use of his mental or physical faculties by reason of intoxication. *See* Tex. Penal Code § 49.01(2); *Williams v. State*, 525 S.W.3d 316, 321 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *Navarro v. State*, 469 S.W.3d 687, 694 (Tex. App.—Houston [14th Dist.] 2015, pet. ref'd).

The concurrence lists seven different things that Officer O'Brien observed before arresting appellant—however, Officer O'Brien also testified that there was a myriad of reasons that could have caused these conditions. Furthermore, although Officer O'Brien admitted that he could be considered an expert in DWI investigation, he did not ask appellant a single investigatory question regarding

---

[1] Sections 543.002 and 543.003 give an officer who arrests a person for a traffic violation two options only: to bring the person before a magistrate immediately or release the person if he signs a written promise to appear in court. *See* Tex. Transp. Code §§ 543.002–.003.

2

where he had come from, where he was going, or if he had consumed any alcohol that evening. Officer O'Brien did not perform a single standard field sobriety test. Instead, he handcuffed appellant, placed him in the back of the patrol car, had appellant's car towed, and transported appellant to central intox where he waited over two hours before any investigation or sobriety testing was performed. In fact, Officer O'Brien testified that when he placed appellant in the back of the patrol car, O'Brien did not know that appellant was intoxicated. *See Williams*, 525 S.W.3d at 322 (noting testimony of police officer that individual is intoxicated is probative evidence of intoxication).

The concurrence cites several cases for the proposition that standard field sobriety tests are not necessary for a finding of probable cause—it is not my contention that every finding of probable cause requires standard field sobriety tests. However, I am troubled by the proposition that such scant evidence, absent any investigation at all, can support probable cause for a warrantless arrest. In every case cited by the concurrence, there was some investigation performed, the defendant himself admitted to drinking alcohol, there was a motor vehicle collision, or some combination of these factors.

Officer O'Brien conducted no investigation. By his own admission, at the time he placed appellant under arrest, he did not know whether appellant had lost the normal use of his mental or physical faculties due to intoxication. Based on the facts presented, I would find that Officer O'Brien did not have probable cause to arrest appellant for DWI before transporting him to central intox.

/s/    Frances Bourliot
Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot (Frost, C.J., plurality) (Christopher, J., concurring).

3